CASE 78.—PROSECUTION AGAINST MORGAN, OATES & CO.,
    FOR SELLING SEWING MACHINES WITHOUT A
    LICENSE.—May 5.

# Morgan Oates & Co. v. Commonwealth

Appeal from Hopkins Circuit Court.

J. F. GORDON, Circuit Judge.

Defendants convicted and appeal—Affirmed.

1.  Licenses—Occupation Tax—Sewing Machine Agents,—Act 1906,
    p. 186, c. 22, art. 12, subd. 1, section 12, declares that any
    person engaging in any business or selling or offering to sell
    any article on which a license is required before procuring
    the license shall be guilty of a misdemeanor, and subdivision
    4, section 1 (page 193), provides that, before engaging in the
    occupation of selling sewing machines, the person desiring to
    do so shall procure a license, and pay a tax on each agency
    employing one agent for each county $10. Held, that where
    defendants maintained certain stores in which it kept sewing
    machines for sale, and employed a salesman on commission
    to go through the country and sell or exchange sewing
    machines which he carried with him in a vehicle furnished by
    defendants for that purpose, defendants maintained a sewing
    machine agency, and employed an agent to sell machines,
    and, having done so without procuring a license, were guilty
    of a violation of such act.

GIBSON & KINCHELOE for appellants.

POINTS AND AUTHORITIES.

An agent is a personal representative of another person, firm or
company in business. To support our contention in this matter,
we submit the following authorities on the subject of agent and
agencies:

1.  Agent.—One who undertakes to transact some business, or to

Morgan, Oates & Co. v. Commonwealth.

manage some affair, for another, by the authority and on account of the latter, and to render an account of it. 1 Liverm. Prin. & Ag. 67; 2 Bouv. Inst., 3.)

An agent is one who represents another called the "principal," in dealings with third persons. Such representation is called agency. (Civil Code Dak., 1337; Black's Law Dictionary, p. 52.)

2. Agency.—The contract of agency may be defined to be a contract by which one of the contracting parties confides the management of some affair, to be transacted on his account, to the other party, who undertakes to do the business and render an account of it. (1 Liverm. Prin. & Ag. 2.)

A contract by which one person, with greater or less discretionary power- undertakes to represent another in certain business relations.

3. Agent.—One who undertakes to transact some business, or to manage some affair, for another, by the authority and on account of the latter, and to render an account of it. (1 Livermore, Ag., 67; 2 Bouvier, Inst., 3; Bouvier's Law Dictionary, vol. 1, p. 100.)

4. Agency.—A relation between two or more persons, by which one party, usually called the agent or attorney, is authorized to do certain acts for, or in relation to the rights or property of, the other, who is denominated the principal, constituent, or em- Bouvier's Law Dictionary, vol. 1, pp. 99, 100.)

The business of the agency may concern either the property of the principal, of a third person, of the principal and a third person, or of the principal and the agent, but must not relate solely to the business of the agent. (1 Livermore, Ag. 6, 14. Bousiev's Law Dictionary, vol. 1, pp. 99, 100.)

5. Agency, how constituted.—Agency is founded upon a contract, either express or implied, by which one of the parties confides to the other the management of some business to be transacted in his name, or on his account, and by which the other assumes to do the business, and to render an account of it. (Kent's Commentaries, vol. 2, p. 880.)

We earnestly insist, in view of the facts in this case and authorities above stated, that there is no element of agent or agency in this action.

JAMES BREATHITT, Atty. Genl. and THEO. B. BLAKEY, Asst. Atty. Genl. for the Commonwealth.

POINTS AND AUTHORITIES.

All the authorities on agency clearly show that this was an agency for selling sewing machines.

1. "Agency.—The contract of agency may be defined to be a contract by which one of the contracting parties confides the management of some affair, to be transacted on his account, to the other party, who undertakes to do the business and render an account of it. (1 Liverm. Prin. & Ag., 2.) A contract by which one person, with greater or less discretionary power, undertakes to represent another in certain business relations."

2. Agency, how constituted.—Agency is founded upon a contract, either express or implied, by which one of the parties confides to the other the management of some business to be transacted in his name, or on his account, and by which the other assumes to do the business, and to render an account of it.

### AUTHORITIES CITED.

Acts of 1906, sec. 12, p. 186, subdiv. 4, p. 202; 1 Liverm. Prin. & Ag. 2; Kent's Commentaries, vol. 2, p. 880.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellants, T. M. Morgan, Nick Oates, and Martin J. Morgan, partners composing a firm doing business as Morgan, Oates & Co., complain that they were illegally convicted and fined $51 in the court below under an indictment charging them with the offense of maintaining a sewing machine agency and employing an agent to sell sewing machines in Hopkins county without having a license so to do.

Section 12, subd. 1, art. 12, c. 22, p. 186, Acts 1906, entitled "An act relating to revenue and taxation," provides: "Any person who shall engage in any business or sell or offer to sell, any article on which a license is required, before procuring the license and paying the tax thereon, as required by law, shall be deemed guilty of a misdemeanor, and, on conviction, be fined not less than fifty nor more than one thousand dollars for each offense, unless otherwise specially provided." Section 1, subd. 4, art. 12, Acts 1906, provides: "Before engaging in any occupation or selling

any article named in this subdivision of article 12 (page 202) of this act, the person desiring to do so shall procure license and pay tax thereon as follows: · * * * On each agency for sewing machines employing one agent, for each county, ten dollars. On each additional agent for sewing machines, each county, five dollars.'' The indictment under which appellants were convicted was .based upon the foregoing provisions of the act, supra. The right of trial by jury by the parties was waived and the law and facts submitted to the court, whose judgment was as above indicated.

The evidence introduced by the Commonwealth proved, beyond doubt, that appellants, composing the partnership of Morgan, Oates & Co., have a store or wareroom at Morton's Gap, and another at White Plains, Hopkins county, in each of which they kept for sale pianos, organs, and sewing machines, and that within a year before the finding of the indict-. ment the firm of Morgan, Oates & Co., employed Allen Thompson to act as salesman, and consequently the firm's agent, under which employment he was required to haul from the store and warerooms referred to sewing machines, and sell them in Hopkins county.. For this work appellants furnished Thompson a sewing machine wagon, containing, in large letters, the name of the firm, and paid him a commission upon all sewing machines sold or exchanged by him. Thompson testified to having made numerous sales and exchanges of such machines in Hopkins county, and other witnesses that they had bought of Thompson sewing machines, or had seen him sell or trade them to others. . Thompson's sales were all made at the homes of the purchasers, where he invariably carried the sewing machines for inspection, and oftentimes

left them for trial before effecting the sales. He made no concealment of the fact that the sewing machines he was peddling were the property of appellants, and the persons who bought machines of him knew that he was the agent of appellants, and traded with him as such. Oates and T. M. Morgan, members of the firm in question, testified in their own behalf, but neither of them attempted to contradict the witnesses of the Commonwealth. They did, however, state that they did not receive or sell sewing machines on commission, but kept in stock pianos, organs, and sewing machines, which they bought and sold for a profit, and were accustomed to pay for at the end of four months from their purchase of them, whether sold by them or others within that time or not.

It was contended by appellants on the motion for a new trial in the court below, and they now insist, that they were not the agents or their places of business agencies for the sale of sewing machines, for which reason it is claimed they should have been adjudged not guilty as charged. We do not regard this contention tenable. The offense charged in the indictment was, not that appellant's became agents or established an agency for the sale of sewing machines by receiving from the manufacturer or dealer such machines to sell for it or him, or that they made such sales as agent for the manufacturer or dealer, but that they had and maintained a sewing machine agency by employing agents, or an agent, to sell such machines in Hopkins county as Thompson was employed to sell and did sell. If employing an agent to drive about over the county from house to house to sell sewing machines, furnishing him with a vehicle for that purpose, requiring him to carry such machines with him for immediate delivery when sold, and, upon

consummating a sale, to take of the purchaser a written obligation whereby the latter undertakes to pay appellants for the machine upon the installment plan, is not establishing or maintaining an ''agency for sewing machines'' in the meaning of the statute, we are at a loss to know by what name such an enterprise should be known. We do not think it material whether the agent in such an undertaking be paid a stated salary, or a commission upon sales made by him. In either event he is an agent, and, in employing him for such work and having him perform it, the employer or principal establishes and maintains an agency for the sale of sewing machines for which the law requires him to procure license. It is admitted that appellants did not have license authorizing them to establish or conduct an agency for sewing machines when they employed Thompson, or at any time during the work of the latter in peddling sewing machines under and by virtue of such employment. Being without such license, they were guilty of the offense charged. Therefore the fine of which they complain was legally imposed by the judgment rendered.

Wherefore the judgment is affirmed.